The Court

said, that where a public agent makes a contract in the name and behalf of the government, it is a point well settled, that the agent is not liable to the action of the party contracted with, who must look to the government. But if such agent should deny to the government that he had entered into such contract, and by such interference prevent the party from his remedy as against the government, he must be personally liable, as he has, by his conduct, in effect disavowed his acting in character of a public agent On this ground we are of opinion that the verdict is right. Further, if the jury believed that the defendant had received from the treasury the money which was intended to meet the plaintiff’s demand, and had refused to pay it over, they were correct in charging the defendant on the plaintiff’s count for money had and received, (a)

Let judgment he entered upon the verdict.

 [It is well settled that, where a man acts as agent for the public, and treats in that capacity, he is not personally liable. — Brown vs. Austin, 1 Mass. Rep. 208. — Davis vs. Jackson, post, 490.—Macbeath vs. Haldimand, 1 D. & E. 180—182.— Unwin vs. Wolseley, 1 D. & E. 674. — Rice vs. Chute, Stanley vs. Hawkins, Martin, 55,1 East, 582. — Myrtle vs. Beauer, Walker vs. Swaitwort, 12 Johns. Rep. 444, 1 East, 135. — Hodgson vs. Dexter, 1 Cranch, 345. — Allen vs. Waldgrave, 8 Taunt. 566. — And in Gidley vs. Palmerston, (7 Moore, 91, 3 B. & B. 275,) it was held that an action of assumpsit could not be maintained against the secretary at war, by a retired clerk of the war office, for his retired allowance, although such allowance was included in the yearly estimates drawn for by such secretary, and received by him, as applicable to such specific allowance, on the grounds that the secretary is only chargeable in his public and official character, and that an action cannot be maintained against him, as such, for any thing done by him in that character, although it may amount to a breach of employment, and constitute a particular and personal liability, as it would tend to expose him to an infinite number of actions to be brought by any person who might suppose themselves aggrieved. And in Rice vs. Chute, Lord Kenyon said, "61 that he cuuid *250 not conceive how the captain of a troop could be personally responsible for forage furnished to the troop, whether he had received any money for that purpose, or not? — Ed.]