CASE 9—INDICTMENT—MARCH 19.

# Arthur v. Commonwealth.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. HOUSEBREAKING.—An indictment under section 1162 of the Ken-
tucky Statutes, which charges the defendant simply with break-
ing and entering a dwelling-house with intent to steal, without
alleging that there was anything stolen and taken therefrom,
does not charge a felony within the meaning of that section. It
is an essential part of the crime designated in that section, that
something of value should be taken away from the house.

W. H. JULIAN AND HUGH RODMAN FOR APPELLANT.

1. If the facts charged in the indictment do not constitute a felony
under our statutes, the motion in arrest of judgment should have
been sustained, because at common law house-breaking was only
a misdemeanor. ((Mullins v. Commonwealth, 14 Ky. Law Rep.,
569.)
2. The facts charged in the indictment do not constitute a felony by
virtue of section 1162, because it is not charged that anything of
value was taken from the house.
3. They do not constitute a felony under section 1164, because the
provisions of that section do not apply to dwelling-houses.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant was indicted, tried and convicted of the crime
of housebreaking, alleged to have been committed by his
unlawfully and feloniously breaking and entering into a
room occupied by Mrs. Kate Williams as part of her dwell-
ing house, with the felonious *intent* to steal therefrom prop-
erty of value.

At the trial he moved the court to instruct the jury to ac-
quit him; but his motion was overruled. He also made a
motion in arrest of judgment, which was likewise overruled.

As there is no bill of evidence before this court, the only
question to decide is whether the facts stated in the indict-

ment constitute a public offense within the jurisdiction of the court.

The indictment was evidently found and appellant convicted under section 1162, Kentucky. Statutes, which we copy entire as follows: "If any person shall feloniously take out of or from any church, chapel or meeting-house, schoolhouse, courthouse or other public building, any goods or chattels or other thing of value belonging thereto, or shall rob any person in his dwelling house, or place, or in any booth or tent in a fair or market, he, his wife, children or servants or other person then being within, or shall feloniously break any dwelling house or any part thereof, or any outhouse belonging to or used with any dwelling house, *and feloniously take away anything of value*, although the owner or any person may not be there, he shall be confined in the penitentiary not less than two nor more than ten years."

It will be observed that to constitute a complete offense under that section there must be a felonious taking out of a church or other building of that class a thing of value, or robbery of a person in his dwelling house or other place of that class, or felonious breaking a dwelling house and feloniously taking away a thing of value; and that it does not make any difference what may have been the intent with which any of the places mentioned in that section were entered, except there must be a felonious breaking of a dwelling house.

According to sections 1163 and 1164 entering any place mentioned therein with mere intent to steal therefrom a thing of value is a felony, though no overt act be done; and the fact that the statute in terms makes it a felony to enter places described in those two sections, whether anything be stolen therefrom or not, makes it plain, if it was not already so, that the legislature intended that, to constitute a

felony under section 1162, there must be actually a felonious taking from a dwelling house a thing of value, without regard to the intent with which it was entered or even broken.

As, therefore, the indictment in this case charges simply a breaking and entering the dwelling house with intent to steal, without stating there was anything stolen and taken therefrom, the motion for an instruction to acquit ought to have been sustained; but, as that was not done, the additional error was committed by the court in overruling the motion in arrest of judgment; for appellant was not guilty according to the statement in the indictment, of a felony, but only a trespass or breach of the peace, if guilty of any offense.

The judgment is reversed for further proceedings consistent with this opinion.