STATE OF MISSISSIPPI, USE OF GEORGE BRAGG, v. JOHN J. BASHAM ET AL.

1. COUNTY CONVICT CONTRACTOR. *Code* 1892; § 790. *Bond.*

The county convict contractor is not required, under code 1892, § 790, providing for his bond, to execute bond before entering upon the discharge of his duties.

2. SHERIFF. *Bond. Tort of convict contractor.*

A sheriff is not liable on his official bond for injuries inflicted on a prisoner by an employe of a county convict contractor, although the sheriff delivered the prisoner to the contractor before the latter executed bond.

3. DE FACTO OFFICER. *County convict contractor.*

A county convict contractor who enters upon the discharge of his duties as such before executing bond, is at least a *de facto* officer.

FROM the circuit court of Monroe county.

HON. EUGENE O. SYKES, Judge.

The state, suing for the use of George Bragg, appellant, was the plaintiff in the court below; John J. Basham, sheriff, and others, the appellees, were defendants there. Bragg was convicted of a misdemeanor, and after conviction was delivered by the sheriff into the hands of a county convict contractor, and while in the custody of the latter was shot and seriously wounded by an employe of the contractor. The object of the suit was to hold the sheriff liable on his bond for the injury. The plaintiff's declaration was demurred to in the court below, and that court sustained the demurrer and dismissed the suit, from which judgment the state, for the use of Bragg, appealed to the supreme court.

*Critz, Beckett & Kimbrough* and *Beckett & Fox,* for appellant.

The delivery of a convict to a county contractor or one claiming to be such is an official act, an "official duty," and a convict is not "subject to delivery to the county contractor" until the contractor has given bond, and the failure of the sheriff to investigate and ascertain whether bond has been given is a "failure on his part to perform his duty."

The argument that the county contractor was acting under color of an office, and was a *de facto* county contractor, and his acts as such were valid, is without force. That principle only applies to third persons, and as an estoppel against the usurper, when called to account by the party injured.

Appellant had a right to resort directly to the bond of the sheriff, which stood as security for his being kept and treated according to law. It is a mistake to suppose that the sheriff has a right to turn a prisoner over to any one coming to him and claiming to be a county contractor, or even to one whose bid has been accepted, and who has been appointed contractor by the board of supervisors. The board accepts the bid and makes the appointment, but it is not complete until the bond is made and "approved by the board of supervisors or the president thereof." Laws 1894, sec. 17, p. 70.

*Gilleylen & Leftwich,* for appellees.

The "convict contractor" is a public officer by force of his duties, his manner of appointment, and time of holding office.

Whether he be a *de jure* or *de facto* officer makes little difference, for, according to plaintiff's declaration, he is acting under color of his office, and is recognized as "county convict contractor." *Dabney v. Hudson,* 68 Miss., 292; *Kimball v. Alcorn,* 45 Miss., 151; *Brady v. Howe,* 50 Miss., 607; § 3065, code of 1892; *Adams v. Bank,* 75 Miss., 701; *Railway Co. v. Bolding,* 69 Miss., 255.

The bond required of the county convict contractor is not

a condition precedent to his holding his office. He is an officer just the same, whether he gives bond or not. If the board of supervisors are so negligent as to contract with him, allow him to take possession of his office and discharge its duties and accept the money paid into the county treasury for the hire of prisoners, others cannot be held responsible if they recognize his right to the office, as the sheriff did in this instance. 19 Am. & Eng. Enc. L., pp., 440-442, and note and cases cited.

There is another reason why a sheriff cannot be held liable on his official bond: The discharge of his duty by the county convict contractor is too remote a contingency. It could not have been contemplated by the sureties in executing the bond. It is not an official act required of the sheriff to see that county convict contractors execute bonds before entering upon the discharge of their duties. So far is this from the official duty of the sheriff, that it is specifically by section 17, acts of 1894, made the duty of the board of supervisors to look after this.

Again, how does it appear that the failure of Basham to see that Booth, the county convict contractor, gave a good bond before Bragg was turned over to him, was the proximate cause of Austin Willis, Booth's servant and guard, maltreating Bragg, even granting that the law imposes such a duty on Basham, the sheriff. Basham's failure to discharge such duty, even if the law imposed it, can by no legal reasoning nor possible facts be shown to be the proximate cause of Bragg's injury.

WHITFIELD, C. J., delivered the opinion of the court.

The county contractor is not (§ 790, code 1892) like the sheriff (§ 4108), and many other officers required to execute bond "before entering upon" the discharge of his duties. The board of supervisors contract with him, and look after his bond. This contractor had been appointed, claimed to be county contractor, was recognized and acting as such, and was dealt with as such by the sheriff. The sheriff was not required to see, under these circumstances, if at all, that he had given bond,

and the failure to execute the bond is the whole ground for attempting to hold the sheriff and his sureties liable for this outrageous tort of the county contractor's employe. He was, at least, *de facto* county contractor. *Railroad* v. *Bolding,* 69 Miss., 263; *Dabney* v. *Hudson,* 68 Miss., 292; 19 Am. & Eng. Enc. L., 440-442.

*Affirmed.*