CASE 85—ACTION FOR A MANDAMUS.  FEB. 18.

## Barnett v. Hart, County Judge.

APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

OFFICE AND OFFICERS—FAILURE OF JUSTICE OF THE PEACE TO EX-
ECUTE BOND IN TIME—MANDAMUS TO COMPEL ACCEPTANCE OF
BOND.

Held: Under Kentucky Statutes, section 3755, providing that, "if the official bond is not given, and the oath of office taken, on or before the day on which the term of office to which a person has been elected begins, the office shall be considered vacant," mandamus does not lie to compel the county judge to accept the

Barnett v. Hart County Judge.

bond of a justice of the peace, not tendered until after the first Monday in January succeeding his election, that being the day when his term of office began.

YEAMAN & YEAMAN, FOR APPELLANT.

At the November election, 1901, appellant was elected justice of the peace for the third district of Henderson county, and was duly commissioned by the governor, November 18, 1901. On January 7, 1902 (that being the first Tuesday after the first Monday in January, 1902) he presented his commission to the appellee who is the presiding judge of the county court, tendered a satisfactory bond, and offered to take the oath of office; the appellee refused to accept the bond or to administer the oath, upon the ground that he had not qualified on or before the first Monday in January after his election. The petition alleges that on Monday the 6th day of January he was sick and unable to leave his bed, which fact he, on the said 7th day of January, made known to the appellee.

A demurrer to the petition was sustained and the petition dismissed.

This appeal raises the question of the correctness of the construction put by the county judge and circuit court upon section 99 of the Constitution, and section 3755 Kentucky Statutes.

Section 99 of the Constitution provides that justices of the peace "shall enter upon the discharge of the duties of their office, on the first Monday in January after their election."

Section 3755, Kentucky Statutes. "If the official bond is not given, and the oath of office taken on or before the day on which the term of office to which a person has been elected begins, or in cases of persons appointed to office, within thirty days after such person has received notice of his appointment, the office shall be considered vacant, and he shall not be re-eligible for two years."

It is submitted that the county judge had no right, under the facts in this case, to summarily determine that the appellant was not entitled to the office to which he had been elected and commissioned by the governor—that the Legislature did not intend so harsh a construction should be put upon the statute. Patterson v. Miller, 2 Metc., 493; Schuff v. Pflanz, 99 Ky., 97.

J. H. HART, FOR APPELLEE.

Appellee submits that under sections of the Constitution and statutes referred to, he had the right as county judge to determine that appellant had forfeited his office, and that it was beyond his power as county judge to accept the bond

and administer the oath of office to appellant—that such is not a harsh construction of the law when we consider the fact that appellant had the right to and could have taken the oath and executed his official bond, at any time from November 19, 1901, the date of his commission, up to and including January 6, 1902.

### AUTHORITIES CITED.

Constitution, sec. 99, Kentucky Statutes, secs. 1084, 3755; Com. v. Yarborough, 84 Ky., 496; Lowe v. Phelps, 14 Bush, 642.

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY—AFFIRMING.

It is substantially alleged in the petition: That the defendant, now appellee, was the duly elected and acting presiding judge of the Henderson county court. That at the general election in November, 1901, the plaintiff (now appellant) Barnett, was duly elected to the office of magistrate of the Third magisterial district of said county, and was duly commissioned by the governor of the State (said commission was filed therewith). That on Tuesday, the 7th day of January, 1902, he tendered to the defendant, Hart, as said county judge, in open court, his commission as such magistrate, and offered to take the oath required by law, and requested said oath to be administered to him, and tendered to the said county judge his bond as such magistrate, as required by law, in due form, with W. T. Benton as surety. That said bond was sufficient and ample, and in all respects conformed with the requirements of said statute in such case made and provided. That on Monday, the 6th of January, 1902, being the first Monday in January, he was sick in bed, and unable to leave his bed, which fact he, on the 7th of January, made known to the defendant. Nevertheless said defendant failed and refused, and has since failed and refused, and now fails and refuses, to recognize the plaintiff's said commission, or to accept said bond, or to administer said oath, or permit said plaintiff to

qualify as such magistrate. Wherefore the plaintiff prays
for judgment of this court requiring the defendant to recog-
nize said commission, to accept said bond, to administer
the oath of office to the plaintiff and permit him to qualify
as such magistrate, for his costs, and proper relief. The
commission referred to is dated the 18th day of November,
1901. The appellee entered his appearance to the action,
and filed a demurrer to said petition, which demurrer was
sustained by the court, and, plaintiff declining to amend,
the petition was dismissed absolutely, and judgment for
costs rendered in favor of the defendant; to all of which
the plaintiff excepted, objected, and prayed an appeal to
the court of appeals, which was granted. The chief grounds
of the demurrer are because said petition shows that plain-
tiff did not execute his official bond and take the oath of
office on or before the first Monday in January, 1902, the
date on which the term of office of said magistrate began.

The question for decision is whether or not it was the
duty of the county judge to permit the appellant to exe-
cute bond and take the oath of office at the time that he
(plaintiff) applied to the county judge so to do. It is pro-
vided by section 99 of the present Constitution that a jus-
tice of the peace shall be elected in each justice's district,
who shall enter upon the discharge of the duties of his
office on the first Monday of January next after his election.
Section 1084, Kentucky Statutes, provides that each justice
shall be a conservator of the peace, and before he enters
upon the discharge of the duties of his office shall take an
oath to faithfully discharge the duties thereof, and shall
execute a bond, with sureties, to be approved by the county
judge, to the effect that he will faithfully discharge all the
duties of his office. The bond shall be filed and recorded
in the county clerk's office, and an entry made upon the

order book of the county court showing that the bond was
executed and approved, and giving the names of the sure-
ties therein.   Section 3755, Kentucky Statutes, reads thus:
"If the official bond is not given, and the oath of office taken,
on or before the day on which the term of office to which
a person has been elected begins, or in cases of persons
appointed to office within thirty days after such person has
received notice of his appointment, the office shall be con-
sidered vacant, and he shall not be re-eligible thereto for
two years."   It is the contention of appellant that the court
had no right, under the facts of this case, to determine that
the appellant was not entitled to the office, and that the
Legislature did not intend that so harsh a construction
should be put upon the statute, and we are referred to Pat-
terson v. Miller, 2 Metc., 493, and Schuff v. Pflanz, 99 Ky.,
97, 18 R., 25, 35 S. W., 132, in support of his contention.
The first-named case seems only to have held that the
county court had no power to inquire into the eligibility of
a person holding a certificate of election and applying to be
qualified.   We fail, however, to see that the case supra
at all effects the question involved in the case at bar, nor
do we think that the later case in 99 Ky., 35 S. W., is in
conflict with the decision of the circuit court in this case.
In the case supra, Pflanz had executed for the year 1895
the several bonds required by law, but he had not executed
an additional bond, as the law required in the county court,
at the time required by law.   It is true that the statute
(section 4130) provides that the sheriff shall, on or before
the first Monday in January next succeeding his election,
and on or before the said day annually thereafter, enter into
bond, with surety, for the faithful performance of his duty.
Section 4131 provides that on failure of the sheriff to give
bond and qualify as hereinbefore provided he shall forfeit

Barnett v. Hart County Judge.

his office, and the county court may appoint a sheriff to fill
the vacancy until a sheriff is elected, or it may appoint a
collector for the county of all moneys due the said county,
etc.   The court, in substance, held that, inasmuch as Pflanz
had qualified under his election by executing all the bonds
required to be executed prior to 1896, the county court had
a right to permit him to execute the additional bond after
the first Monday in January, 1896.   It will thus be seen that
a very different question was. under consideration in the
case supra from that involved in the case at bar.   It was
held in Bartly v. Fraine, 4 Bush, 375, that the county court
had the constitutional power to remove the sheriff from
office for failing to give new bond, but the question of re-
moval from office is not necessarily the question involved
on this appeal.   The suit brought by appellant is essential-
ly a suit to obtain a mandamus against the county judge to
compel him to permit plaintiff to execute the bond required
by law.   The case of Lowe v. Phelps, 14 Bush, 642, was an
action to compel the county judge to permit the sheriff to
execute his bond after the date which he was by law re-
quired to execute it.   This court, in discussing the question,
said, in substance, that, if the sheriff failed to give bond
on or before the first Monday in January next succeeding
his election, as prescribed by the statute, there is no law
making it the duty of the county judge to accept his bond
after that date, and therefore a mandamus would not lie
against the county judge to compel him to accept a bond
tendered after that day.   In Com. v. Yarbrough, 84 Ky.,
496, 8 R., 483, 2 S. W., 68, it was held that a sheriff's bond
executed after the first Monday in January was void at least
as to the sureties therein.   It will thus be seen that the
county judge in this case had no power to administer the
oath, or accept the bond tendered or offered by the appel-

·  lant, and it would seem from the opinion hereinbefore referred to in 84 Ky., supra, that, if the defendant haid accepted the bond, the same would have been void, and of no effect. We have nothing to do with the harshness of the law, if, indeed, it was harsh, which can not be fairly said, als we think, for the appellant had from the time he received his commission until and during the first Monday in January to comply with the statute, and, there being no provision authorizing the county judge to take the bond at a later date, it seems to us that the judge could not lawfully or properly accept or approve the bond after the first Monday in January.

Judgment affirmed,   Whole court sitting.