## Clark v. Anderson et al.

Oct. 30, 1945.

728

Raymond Connell for appellant.

A. H. Barker and Bradley & Blanton for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Since we concur in the reasoning outlined in the Chancellor's opinion, we will adopt it as the opinion of this Court. It follows:

"It appears that the only material question involved in this case is whether or not the County Judge of Nicholas County was authorized under the Statutes of Kentucky to have an order entered declaring the office of Sheriff of Nicholas County vacant by reason of the failure of the sheriff to comply with the provisions of section 134.230, the Kentucky Revised Statutes.

"Section 70.020 calls for what is commonly referred to as the official bond of the sheriff and it is to be noted that it expressly states that: 'This bond shall be in addition to the bond required of him by KRS 134.230 and shall be approved by the county court.'

"The Official Bond was given by plaintiff Clark and was approved by the County Court. Section 134.230 referring to the Revenue Bond, recites, 'This bond shall

cover liability to account, as provided by law, for all charges of taxes made against him, and for all money received by him as revenue collector from the date he assumes the duties of the office to and including May 30 of the next succeeding year. He shall enter into bond with surety thereafter before or as of June 1 of each succeeding year of the term of his office. The county judge shall hold court at any time the sheriff may request for the purpose of executing bond.' Section 134.250 provides, 'The sheriff shall annually, before he proceeds to collect the county levy, execute bond to the Commonwealth, in the county court, with one or more sufficient sureties and in a definite penal sum fixed by the county court, conditioned for the faithful performance of his duties and to pay over in due time to the proper person, as directed by the court, all money collected by him. This bond shall be approved by order of the county court, and when approved shall be recorded in the order book and safely kept by the county clerk.'

"Section 134.280 provides, 'On the failure of the sheriff to execute bond and qualify as provided in KRS 134.230 he shall forfeit his office, and the county court may appoint a sheriff to fill the vacancy until a sheriff is elected.'

."It appears in this case the Sheriff failed to comply with the provisions of Section 134.230 as to executing the annual bond required before or as of June 1, 1944; and on June 22, 1944, the County judge declared the office vacant and appointed a sheriff to fill the vacancy until the following election.

"Counsel for plaintiff in his oral argument and well written brief placed much stress upon the words of Section 134.230 that this required annual bond shall be executed before 'or as of' June 1 of each succeeding year and contends that the words 'or as of' should be taken to mean that the Sheriff might postpone the execution of this bond until he saw fit to offer it and that such later offer to execute the bond would be sufficient to comply with the Statute.

"This Court can hardly agree to this.

"The tax books are placed in the hands of the sheriff. He would be authorized to collect the County and State taxes. He might proceed to do so and all

before this required bond for the security of the County and State had been given.

"We can hardly believe that the words 'or as of' could have been so intended or could be reasonably so construed.

"This Court thinks the proper interpretation would be that the bond might be executed before the first day of June but would not become effective until June 1st.

"Cases have been cited appearing to hold that failure to make these bonds, at the required time, does not ipso facto vacate the office but I have been unable to find an authority holding that the County Court was without authority to declare the office of Sheriff vacant upon the failure to give these annual bonds due 'before or as of' June 1st.

"It was the duty of the Sheriff to offer to execute this bond and this he failed to do. Some three weeks elapsed. No offer of renewal was made and the County Court declared the office vacant.

"Plaintiff in his amended petition states that prior to June 1, 1944, he became physically ill and physically incapacitated. That between June 1st and June 22, 1944 inclusive he was suffering from physical ailment and that he continued physically ill and incapacitated for some time subsequent to June 22, 1944. That on June 4th and 6th he consulted his physician and was advised to take a rest and to consult a specialist and that acting upon the advice of his physician he went to Hot Springs, Arkansas, where he remained for several weeks in accordance with the advice of his physician and received treatment.

"He does not say in his amended petition just when he went to Hot Springs except that he went after consulting his physician on June 4th and 6th.

"As noted in plaintiff's amended petition, Section 134.230 of KRS provides: 'The county judge shall hold court at any time the sheriff may request for the purpose of executing bond.'

"In other words it is incumbent on the Sheriff to request the County Judge to do this and not the duty of the County Judge to request the Sheriff.

"He says in the amended petition that on August 22, 1944 in pursuance of Section 134.230, KRS he made a request of the County Judge to fix his bond and to have it become effective as of June 1, 1944.

"This the County Judge declines to do and plaintiff seeks this court to mandatorily order the County Judge to accept a bond. The question might arise as to who would be liable in the event County and State taxes were collected from the time the tax books were placed in the hands of the Sheriff for collection of taxes and the sheriff proceeded as all sheriffs do, to collect these taxes. The Sheriff might default, he had executed no bond, from whom could the County or State recover these taxpayers money.

"This Court is of the opinion that the Statutes relative to these matters mean what they say and that this annual renewal bond must be executed before or as of June 1st of each year, that 'as of' was intended only to mean that if executed before June 1st the bond was to become effective June 1st. In other words if this bond happened to be made on May 1st it would not be intended to cover any shortage which might occur between May 1st and June 1st.

"Plaintiff had knowledge that this annual bond was required of him, having given such bond for the preceding years he had been in office and it was his duty to request the County Judge to fix the amount for which the bond would be liable. Failing to do this and waiting from June 1st until June 22nd can hardly be claimed to comply with the provisions of the Statutes as this court construes them.

"As already commented upon, counsel for plaintiff contend that former rulings of the Kentucky Appeals Court were relating to the Statutes requiring this bond to be executed 'on or before' June 1st of each year and that the law relative to this has been changed that the words of KRS Section 134.230 making it read 'on or as of' June 1st would permit the Sheriff to execute the bond at least until July 22nd when plaintiff made the request of the County Court that he be permitted to execute bond.

"As already written in this opinion this Court does not believe this can be done. The demurrer to the pe-

tition and amended petition is sustained, the mandamus asked for is refused and it is the judgment of the Court that the County Judge was acting not only under his authority but under his duties as such Judge to declare the office vacant and to appoint a Sheriff to fill the vacancy. This may appear to be a harsh rule but as said in the opinion in Barnett v. Hart, County Judge, 112 Ky. 728, 66 S. W. 726, 728.

" 'We have nothing to do with the harshness of the law, if indeed, it was harsh, which cannot be fairly said, as we think, for the appellant had from the time he received his commission until and during the first Monday in January to comply with the statute, and, there being no provision authorizing the county judge to take a bond at a later date, it seems to us the judge could not lawfully or properly accept or approve the bond after the first Monday in January.'

"These dates being changed from January 1st to June 1st, the same rule would apply.

"A judgment may be prepared in accordance with this opinion.

"The Clerk of this Court will make . this opinion part of the record without recording."

Another question is presented that is not covered by the opinion of the Chancellor. Appellant contends that he is entitled to injunctive relief against the Fiscal Court, because it also entered an order declaring his office to be vacant. Undoubtedly, the Fiscal Court did not have authority to enter such an order; but appellant is not entitled to enjoin that Court, because, since he is not entitled to the office, the injunction would afford him no relief.

The judgment is affirmed.

Chief Justice Rees not sitting.