STATE OF DELAWARE v. RONALD D. PACK

*(February* 28, 1963.)

CAREY, J., sitting.

*Howard T. Ennis, Jr.,* Deputy Attorney-General, for the State of Delaware.

*Sidney Schwach* for the defendant.

Superior Court for Sussex County, No. 67, Criminal Action, 1962.

CAREY, J.:

The defendant was arrested on February 17, 1962 for operating an automobile at an excessive rate of speed. He was tried on the same date and found guilty, whereupon he filed an appeal to this Court. The trial took place before Edwin C. Moore, "Justice of the Peace". Defendant has now moved to dismiss the information on the ground that Edwin C. Moore was not a Justice of the Peace on February 17, 1962 and therefore had no authority to try the case.

Defendant's contention is based upon the failure of Mr. Moore to comply with Title 10 *Del. C.* § 9106, which reads as follows:

"Every justice of the peace, before entering upon his office, shall, with sufficient surety, become bound to the State

by a joint and several obligation of a recognized surety company to be, with the surety therein, approved by the Secretary of State, in the sum of $1,000, upon condition, that he well and duly perform all his duties as justice of the peace and comply with all laws and statutes of the State applicable to the office of justice of the peace."

The facts are that Mr. Moore was appointed a Justice of the Peace by the Governor on December 18, 1961 but did not file the bond required by the foregoing statute until February 23, 1962. Defendant argues that this statute is mandatory and that a person appointed Justice of the Peace may not perform any valid act pertaining to that office until after the bond has been filed.

In answer to this argument the State contends that Mr. Moore was at least a *de facto* Justice of the Peace whose official acts cannot be attacked collaterally in this manner.

In *State ex rel. James v. Schorr*, 6 Terry 18, 33, 65 A. 2d 810, 817, our Supreme Court quoted with approval the following definition of a *de facto* officer, taken from 43 *Am. Jur.* 225: "one whose title is not good in law, but who is in fact in the unobstructed possession of an office and is discharging its duties in full view of the public in such manner and under such circumstances as not to present the appearance of being an intruder or usurper". In the present case, it is clear that the Governor properly appointed Mr. Moore to the office under a valid certificate of appointment, under which Mr. Moore took office and, so far as appears, exercised the powers thereof openly and notoriously for about two months before the defendant was brought before him. The situation is clearly one where he was acting under color of authority in an office to which he had been validly appointed; the only requirement which he had failed to meet was the matter of posting the bond. As such a *de facto* officer, his official act in hearing and disposing of the charge against the

defendant cannot be attacked collaterally. 48 *C. J. S.* Judges § 7, p. 958.

The cases cited by the defendant do not require a different conclusion. They will be mentioned briefly.

In *Dabney v. Hudson*, 68 Miss. 292, 8 So. 545, a man was elected Justice of the Peace for a term commencing on the first Monday of January following the election, which happened to be January 6th. Apparently in the belief that his terms commenced on January 1st, he issued a writ on January 2d, this being his first attempted official act. The Supreme Court of Mississippi pointed out that the alleged Justice was a usurper because he was attempting to function without any color of authority. Finding nothing upon which it could properly describe him as a *de facto* officer, the Court allowed the collateral attack to be made in the particular case and quashed the writ.

In *Douglass v. Board of Chosen Freeholders*, 38 N. J. L. 214, the statute involved provided that if the person appointed shall neglect within twenty days after appointed to give security, he shall be considered as having declined said office and the same shall be deemed vacant. This language was held to be a mandatory requirement, and the Court decided that failure to give such security within that period of time amounted to a refusal to accept the office. This ruling does not apply here because of the difference in the statutory language.

Both *Barnett v. Hart*, 112 Ky. 728, 66 S. W. 726, and *Greening ex rel. Rowe v. Barnes*, 355 Ill. 99, 188 N. E. 805, were direct attacks upon persons claiming to hold an office *de jure*, an involved no question pertaining to *de facto* officers.

Obviously, our statute requiring the furnishing of a bond should be complied with. It is based upon sound and substantial reasons. Had Mr. Moore's right to serve been questioned

in a direct proceeding prior to the date he furnished bond, the probable result seems clear. The present application, however, is a collateral attack and defendant will not be permitted to question his jurisdiction.

For the foregoing reasons, the motion to dismiss must be denied.