Dorian v. City of Paducah.

CASE 45.—ACTION BY JOHN J. DORIAN AGAINST THE CITY
OF PADUCAH.—January 21, 1910.

# Dorian v. City of Paducah

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Af-
firmed.

Officers—Qualifications—Salary.—Under Ky. St. Secs. 3131, 3132
(Russell's St. Secs. 1240, 1241), requiring the treasurer of cities
of the second class to give a bond, etc., and section 3753
(section 4855), providing that no officer required to give bond
shall enter on the duties of his office until the same is given,
one eligible as treasurer, who was duly elected and took the
oath of office, and who tendered a sufficient bond and there-
after attempted to perform the duties, was entitled to the
office as de jure officer and to salary, though the city author-
ities arbitrarily refused to approve the bond, and Const. Sec.
160, authorizes an officer to hold the office until his successor
is qualified.

T. L. CRICE AND DAVID BROWNING for appellant.

JAMES CAMPBELL for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-
MISSIONER—Affirming.

John J. Dorian was elected treasurer of the city of Paducah in November, 1903. His term expired in January, 1908. He qualified and served the term. At the November election, 1907, he was re-elected for another term of four years, beginning in January, 1908. By the charter of the city of Paducah he was not eligible to succeed himself. Realizing that he was ineligible to re-election, the authorities called an election to take place at the November election, 1908, to fill the vacancy in the office. At this election one George W. Walters was elected treasurer. As Dorian refused to give up the office, Walters instituted an action to recover possession thereof and to restrain Dorian from interfering with him in the discharge of his duties. The McCracken circuit court gave judgment in favor of Walters. The case was then appealed to this court, where it was held that Dorian was ineligible to succeed himself as treasurer, and that Walters was entitled to the office upon showing his eligibility. The judgment of the McCracken circuit court was reversed, however, because Walters had not alleged facts showing that he was eligible. Upon the return of the case to the lower court, the fact of eligibility was shown, and judgment was entered declaring Walters was entitled to the office. On November 16, 1908, Walters appeared before the board of councilmen and presented his certificate of election, and also bond in the sum of $20,000. The surety upon this bond was perfectly solvent, and the bond was regular in all respects. Walters took the oath of office, but the board of councilmen did not approve his bond; they simply directed that the bond be recorded in the minutes and made a part of the record. Afterwards the board of aldermen concurred in the action of the board of councilmen. Upon

the return of the case of Dorian v. Walters, the board of councilmen, on February 15, 1909, approved the same bond that Walters had presented to it in November, 1908. On February 18, 1909, the board of aldermen approved the same bond. During the months of November and December and up until February 18th when the bond of Walters was approved by the board of aldermen, Dorian, who had been the acting treasurer of the city of Paducah, continued to and did perform the duties imposed upon the treasurer of that city. During that time he had charge and control of, and was in possession of, the records of the office of treasurer and of the office itself. He paid the accounts and bills ordered to be paid by the general council. From the 16th day of November on Walters opened up an office for the transaction of business of the city treasurer, advertised himself as such, and collected certain license fees and taxes. During such time the general council knew he was acting as such treasurer and was receiving and depositing funds belonging to the city of Paducah. The general council paid Dorian for his services for the months of November and December. Walters instituted an action against the city of Paducah to recover salary for the same time. The judgment below was rendered in favor of the city, and on appeal to this court that judgment was affirmed. This court held that the payment to Dorian, who was a de facto officer, had been before judgment of ouster, and that this payment was a good defense against Walters' claim for the salary for the same period of time. Walters v. City of Paducah, 123 S. W. 287. After judgment of ouster was entered against Dorian, the city of Paducah paid Walters the salary of the office

of city treasurer for the months of January and February. This action was instituted by appellant Dorian to recover from the city of Paducah the salary of the office from the first Monday in January until February 18th, the day on which Walters' bond was finally approved. The lower court gave judgment in favor of the city of Paducah, and Dorian appeals.

By section 3132, Ky. St., the treasurer of cities of the second class is required to give such bond and receive such salary as the general council shall by ordinance provide. The general council of the city of Paducah fixed the salary of the treasurer at $1,800 per year, and provided that he should give bond in the sum of $20,000. Section 160 of the Constitution, after providing for the election of mayors, legislative bodies, and police judges, and fixing their terms of office, provides as follows: " * * * But other officers of towns or cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the General Assembly may, by a general law, provide; but when elected by the voters of a town or city, their terms of office shall be four years, and until their successors shall be qualified." Section 3131 of the Kentucky Statutes provides that the treasurer of cities of the second class shall be elected by the qualified voters of the city. Section 3753 (Russell's St. sec. 4855) provides that no officer from whom a covenant is required shall enter upon the duties of his office until the same is given. It further declares that a breach of the provision, or a failure to take the oath of office prescribed by law, shall be a misdemeanor, punishable by a fine of not less than $50 nor more than $100, and by removal from office. From these various provisions it is

argued by counsel for appellant that the latter had the right to hold over until his successor was elected and qualified; that his successor had not prop-ly qualify until his bond was finally approved by the board of aldermen on February 18, 1909; that from the first Monday in January until February 18, 1909, appellant was not only the de facto treasurer of the city, but the treasurer de jure, and is, therefore, en-titled to the emoluments of the office during that period of time. As the duty of approving the bond in question devolved upon the general council, it may be conceded that if that body refused to approve the bond because it was improperly executed, or the surety offered was not solvent, or for any other good and valid reason, its judgment in the matter would be conclusive. However, we do not think it within the power of a general council to arbitrarily and willfully refuse to approve a bond that is in all respects legal and sufficient, and thus prevent the officer tendering such bond from taking the oath of office and exercis-ing his right of office. No objection was made to Wal-ters' bond at the time it was offered. The general council subsequently approved the identical bond that it refused to approve in the first instance. It thus admitted that the bond so tendered was in all respects valid and sufficient. It is manifest that the general council, in refusing to approve the bond, did so for the purpose of recognizing Dorian as the city treasurer, and not because there was any valid objec-tion to the bond. Its action, then, was arbitrary and without legal excuse. As Walters was eligible to the office and was duly elected, and as he took the oath of office and tendered a good and sufficient bond, and thereafter attempted to perform the duties of the of-

fice, and did in fact perform certain duties, we conclude that he did all that the law required him to do in order to entitle him to the office; and, having done all that he was required to do in the premises, he can not be deprived of his compensation by the arbitrary action of the general council in refusing to approve a bond which, by its subsequent approval thereof, it admits to be in all respects legal and sufficient. We, therefore, conclude that Walters, and not appellant, was the de jure officer during the time for which appellant seeks to recover the salary of the office. That being the case, the salary in question was properly paid to Walters, and appellant has no right to recover salary for his services during the same period of time.

Judgment affirmed.