## City of Winchester v. Board of Education of the City of Winchester, et al.

### (Decided December 3, 1918.)

### Appeal from Clark Circuit Court.

1. Schools and School Districts—School Taxes.—All school taxes levied and collected by a city of the fourth class belong and must be paid to the board of education, and the city may not deduct therefrom the expense incurred by it in collecting same.

2. States—Laches of Agents—Estoppel.—The government can not be affected by the laches of its agents, or estopped from asserting its rights against an official servant by the acts or omissions of auditors, trustees, supervisors or other guardians of public rights.

3. Schools and School Districts—School Taxes—Collection—Estoppel.
—The board of education of the city of Winchester, a city of the
fourth class, was not estopped to demand of and collect from the
city the full amount of school taxes collected for it by the city
by reason of the fact that it had for many years acquiesced in
an illegal custom of paying the expenses of collecting the school
taxes out of same.

HAYS & HAYS for appellant.

J. M. BENTON, S. F. DAVIS, J. M. STEPHENSON, PENDLETON
& BUSH and J. A. McCOURT for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This action was instituted by the Board of Education
of Winchester against the city of Winchester, a city of
the fourth class, and its tax collector, to recover $2,867.94
which it is admitted the collector under authority from
the city deducted and retained out of the taxes levied
and collected as school taxes for the years 1911, 1912
and 1913, as his commission for collecting same. That
these commissions are payable by the city out of its own
funds and can not be deducted legally from taxes col-
lected by the city for school purposes, all of which be-
long to and must be paid without deductions of any
kind to the board of education, is so thoroughly estab-
lished as to admit of no further argument. See section
180 of the Constitution of Kentucky; sections 3545 and
3595 Kentucky Statutes; Hill v. County Board of Educa-
tion of Lincoln County, 140 Ky. 259; Henry County
Board, &c. v. Jones, Ex-Sheriff, 140 Ky. 544; Common-
wealth for use v. Mackey, &c., 168 Ky. 58; Board of Edu-
cation of Newport v. City of Newport, 174 Ky. 28.

Another doctrine of law uniformly recognized in this
state and generally is "that the government can not
be affected by the laches of its agents, or estopped from
asserting its rights against an official servant by the
acts or omissions of auditors, trustees, supervisors, or
other guardians of public rights." Hennepin County v.
Dickey, 86 Minn. 331.

This court recognized and applied this doctrine in
Hill v. County Board of Education of Lincoln County,
*supra,* and in discussing the proposition as to whether
or not the board of education, an arm of the state acting
in a fiduciary capacity, had the power by acquiescence
to waive any part of what was due it or by express agree-

ment to accept from the collecting agency less than the full amount due it, said:

"Nor could the sheriff and the board of education have settled on any other basis than the sheriff to pay over all the sum levied and collected for school purposes. The sheriff's commission must be allowed by the fiscal court, upon his settlement with that body. It was not competent for the board of education to pass on it, or to anticipate the action of the fiscal court, much less was it competent for the board to apply funds raised expressly for educational purposes, to the payment of an item of general expense against the county."

But notwithstanding these authorities counsel for appellant insist the court erred in sustaining a demurrer to its plea of estoppel set up in the second paragraph of its answer, and as authority for this insistence cite and rely upon the following excerpt from the opinion in the case of Board of Education of Newport v. City of Newport, *supra*:

"It is alleged, and the commissioner so found, that for some of the years involved, notably 1908, the plaintiff in making its request of the defendant for the levy and collection of school taxes did not report its resources as required by section 3219, which was then in force, and that in this suit it is entitled to take credit by the sums so failed to be reported. The error in this position is that it disregards the old proverb that 'there is a time for all things,' which has long since ripened into a rule of law forbidding one who acquiesces in that to which he could have legally objected to thereafter insist upon the irregularity or illegality of the thing acquiesced in to his own advantage and to the detriment of others. In this case the defendant collected the taxes from the people for school purposes. It did not insist upon the levy being reduced by the amount of the unreported resources before making it, as it then had a right to do, and it cannot now be heard to make such an insistence when it failed to do so at the time appointed for that purpose."

The facts in the two cases are analogous since in the Newport case the city was attempting to defeat the claim of the board of education to the full amount levied and collected for school purposes upon the ground that the part unpaid to the board was in excess of what should have been collected by the amount of assets unreported

by the school board, while in this case, upon the statements of defendants' answer, the city is attempting to defeat the claim of the board of education to the full amount levied and collected for school purposes upon the ground that the part unpaid to the board was in excess of what should have been levied, by an amount added to the required amount by the city council to pay the collector's commissions. The estoppel is alleged to result from the fact that the board of education, with knowledge of this method of levying the taxes and of the custom of many years' standing of paying the collector his commission for collecting the school taxes, acquiesced therein.

But the trouble with the argument of counsel is that they attempt to apply the doctrine of the Newport case to the plaintiff when it exactly fits the defendant. The only difference in the two cases is that in the Newport case the city simply acquiesced in the demand of the school board and levied more for school purposes than it would have had to do if it had objected at the proper time, i. e., before making the levy; while in this case the city itself was responsible for having levied an amount in excess of what was necessary for school purposes in which the school board acquiesced; and if, as we held, the city of Newport was liable to the school board for all taxes collected for school purposes, even though in excess of what should have been collected, *because* it acquiesced in the demand of the board which caused the collection of an excessive amount, it is manifest that the defendant could not under authority of the cited excerpt from the Newport case, nor anything that was said or done in that case, offer the acquiescence of the plaintiff in defendant's illegal act in collecting an excessive amount for school purposes, as a defense to the suit of the school board for such excess. And since "there is a time for all things," defendant must have made its objection that the excess levied as school funds was not such in fact before exacting it from the public for that purpose; but after having collected it as school funds, such an objection is too late. That the old proverb against procrastination was found applicable and applied against the city in the Newport case to prevent it from obtaining an advantage for itself to the detriment of another is no reason for applying it, as defendant is seeking to have done, to the board of education,

to prevent it from recovering from the defendant a sum which the latter holds in trust for it; and besides to do so would run counter to the thoroughly established rule that the government can not be estopped by the acquiescence of its fiduciary agents in an illegal practice.

The first paragraph of the answer denied only that the retention of the commissions by the collector out of the taxes collected for school purposes was wrongful or illegal, which is only a conclusion of law and an incorrect one; the third paragraph alleged that the city had disbursed all of its revenues for each of the years involved and had no funds to pay any judgment that might be rendered in favor of the plaintiff, which is of course no defense.

We, therefore, conclude that the court did not err in sustaining demurrers to the answer and each of its paragraphs, and the defendant having declined to plead further, the judgment against it was proper and must be affirmed.