## Burnside Land Company v. Connelly and Lee.

(Decided December 14, 1926.)

### Appeal from Pulaski Circuit Court.

1.  Estoppel—Admission in Notice and Application for Franchise to Operate Ferry Held Not to Estop Denial of Franchise of Then Operating Company (Ky. Stats., Section 1800 et seq.).—That application under Ky. Stats., section 1800 et seq., for franchise to operate ferry admitted that ferry was being operated, but by com-

pany whose franchise had expired, held not to estop applicants to deny franchise of such company.

2. Ferries—Operation of Boat by Company Having no Franchise Held Not Legally Existing Ferry, Precluding Granting of Another's Application for Franchise.—Though an application for franchise to operate a ferry within a mile of an existing ferry or to supplant an existing ferry will not be sustained, the mere fact that a company without a franchise is operating boat as a ferry does not preclude granting of application.

3. Ferries—Prescriptive Right to Franchise to Operate Ferry Cannot Exist (Ky. Stats., Section 1800 et seq.).—In view of Ky. Stats., section 1800 et seq., prescriptive right to franchise to operate ferry cannot exist.

4. Estoppel—County Held Not Estopped to Question Validity of Expired Franchise to Operate Ferry.—Failure of county officers to require company to take out franchise to operate ferry or abandon exercise of old one held not to estop county to question validity of expired franchise.

5. Estoppel—A Municipality is Never Estopped by Dereliction on Part of Public Official.—Dereliction on the part of public official never works an estoppel against a municipality.

6. Ferries—Grant of Franchise to Operate Ferry Franchise Held Within County Court's Discretion, Notwithstanding Subsequent Application of a Then Operating Company (Ky. Stats., Section 1800 et. seq.).—Under Ky. Stats., section 1800 et seq., it was within discretion of county court to grant application for franchise to operate ferry on location then being used by company having expired franchise, notwithstanding subsequent application of company holding expired franchise.

DENTON & PERKINS and CRAMER & GORDON for appellant.

WM. M. CATRON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The right to operate a ferry at the confluence of Cumberland river with South Fork near Burnside, is involved in this suit. As far back as 1858 the predecessors of the appellant, Burnside Land Company, operated a ferry at this place. In 1890 Point Burnside Land Company was incorporated and took over the ferry and other property belonging to one Cole and his associates. Thereafter the Point Burnside Land Company operated a ferry until 1902, when a new corporation, styled Burnside Land Company, was organized, taking over all the property and rights of the old company. In 1890 the county court

of Pulaski by proper order granted a twenty year franchise to operate a ferry to the Point Burnside Land Company. This grant is not questioned. When the new corporation was formed in 1902, the ferry franchise was transferred to it, the Pulaski county court consenting. At that time an order was entered, which, in part, reads:

"Point Burnside Land Company: Sale of Ferry: Order, Bond, etc.

"This day came the Burnside Land Company and produced a conveyance to it from the Point Burnside Land Company of the ferry rights across the Cumberland and South Fork rivers at Burnside, Kentucky, which were granted by this court to the said Burnside Land Company, as shown by order of this court recorded in order book 16, page 31, and on this motion said sale is ratified and now confirmed and the said Burnside Land Company is now adjudged to be substituted to all the rights of said Point Burnside Land Company in and to said ferry rights."

The order further recites "that the new company produced a bond in the penal sum of $2,000.00, as required by law, to be executed in lieu of bond of the said Point Burnside Company. . . . The transferring bond aforesaid is now ordered to be admitted to record and the clerk will record the same as required by law, and the said Burnside Land Company is now authorized to exercise such ferry right and the franchise as fully and under the same limitations and restrictions as were granted the said Point Burnside Land Company."

The bond of the new company, made a part of that order, recites the obligators "do hereby bind themselves" with these conditions: "The said Burnside Land Company has become the purchaser of the Ferry rights across the Cumberland and South Fork rivers at their junction at Burnside, Kentucky, from the Point Burnside Land Company, and having been authorized by the Pulaski county court to run and operate said ferry right, now if said Burnside Land Company will keep the ferry across the said South Fork and Cumberland river at Burnside, Kentucky, according to law," they shall be bound. In the same order is incorporated a copy of the original order granting the Point Burnside Land Company the

franchise on January 20, 1890, for a period of twenty years. The order then recites:

"Now, on motion of said Point Burnside Land Company, leave is hereby given it to sell and convey said ferry rights to Burnside Land Company, a corporation organized under the laws of the state of Kentucky, provided, however, before such sale shall become effective, the said Burnside Land Company shall execute a covenant with sufficient sureties in lieu of the covenant of the Point Burnside Land Company, as required by law, for the keeping and operation of said ferry."

There is, however, no order of the county court made in 1902 shown by this record granting to the Burnside Land Company a franchise to operate a ferry for a period of twenty years from that date, or any franchise at all except it was granted the right and privilege to purchase from the old company the franchise which it had and to operate the ferry under that franchise for the balance of the twenty years which would have expired in 1920. Appellant contends, however, that it had a franchise expiring in 1922, twenty years after it purchased from the Point Burnside Land Company in 1902. Let it be so, and yet appellant company appears not to have had a franchise at the time appellees made application for a ferry franchise in 1925, and this appellant admits in part but says that when its attention was called by letter in 1922, by the judge of the Pulaski county court to the fact that its franchise had expired, it through its agent applied to Judge Tarter, then county judge, to grant an extension of the franchise, and thereupon executed in the office of the county court clerk a bond under section 1908, Kentucky Statutes, requiring bond to be renewed at least once in every five years, and this bond, with an order approving it written on separate pieces of paper, together with a power of attorney, authorizing the making and the signatures, were pinned to a page of the miscellaneous bond book, in the office of the county court clerk, but no order was made granting or purporting to grant either a franchise to operate the ferry, or to renew the old franchise, or to extend it. However, appellant claims that the county judge to whom its representatives talked concerning the transfer of the franchise assured

its representatives that a franchise would be granted. It also says that on several other occasions between that time and the making of the application for the franchise by appellees, its representatives had conferred with the county judge concerning its ferry and its right to operate the same, but does not contend that at any time it ever made application for a ferry right or for renewal of any franchise as required by section 1800, et seq., Kentucky Statutes.

Appellees, Connelly and Lee, residents of Burnside, posted notices of their intention to apply to the county court for a ferry right as provided by section 1804. A hearing was had at which appellant was represented, and the county court held that appellees were entitled to the franchise and that the rights of appellant company to a franchise had expired and was, therefore, invalid. Thereupon appellant land company prosecuted an appeal to the Pulaski circuit court, pursuant to section 1901. There the case was again heard and determined in favor of appellees, and from that judgment this appeal is prosecuted.

Appellees in their petition for franchise manifested to the court their ownership of a plot of ground at the ferry and their desire to be granted a franchise to operate a ferry at that point. At that time there was no valid franchise for the operation of a ferry at that point in existence and no application made for such franchise. However, after appellees posted their notice and filed their application, appellant land company filed a protest with the county court against granting of a franchise to appellees, averred that it then owned and operated a ferry at that point, and soon thereafter posted a notice that it would apply for a franchise to operate a ferry at the same place. Its application for the ferry was denied, while that of appellees was sustained by the county court.

Appellant now insists that the application and notice made and given by appellees admitted that appellant then had and operated a ferry at the point in question, and is now estopped to deny that it had and has such franchise. This contention is based upon the language of the application made by appellees. It is styled, "Pulaski County Court v. Sam Lee and Dud Connelly."

Application for ferry franchise over Cumberland river to Burnside," and in part the application reads:

"The undersigned respectfully asks you to grant them permission to own and operate a ferry across Cumberland river, beginning at the crossing of the old Military road at the place where the Burnside Land Company now operates a ferry, and across said river to the limits of the said city of Burnside, . . . and represents to you that the franchise of the Burnside Land Company to another to operate a ferry has expired years ago, . . . and that same has been forfeited and abandoned."

It is admitted that the land company was operating a ferry at the point at which appellees sought the franchise, but the application manifested to the court the fact that the franchise of the land company had long since expired and this statement alone was not sufficient to estop appellees to deny the existence of the franchise owned by appellant. The point is also made that an application for an original ferry would not be sustained within a mile of an existing ferry, and an application cannot be made to supplant an existing ferry, to which we assent; but there was no legally existing ferry at the point in contest at the time appellees made application for a ferry privilege, and it cannot be argued that the mere fact that the land company was operating a boat without a franchise at the point precluded another person or company from making application in the regular way for the grant of a franchise at that place since none then existed. Neither can appellant successfully contend that it has a prescriptive right to the franchise because the statute specifically provides no franchise for such purpose shall be granted for a longer period than twenty years, and as appellant bases its right to the franchise upon a grant made in 1890, and a renewal thereof in 1920, admitting that its last grant expired in 1922, only a short time before the appellees made application for the franchise, sufficient time had not elapsed. Neither can appellant company rely upon estoppel of the county to raise the question of the validity of its franchise because the county judge or some official has failed to require it to take out a franchise or abandon the exercise of the old one. The recognition of the validity of the franchise by the county judge, if he did so recognize it, can not amount to an estoppel as against the county.

Dereliction on the part of a public official never works an estoppel against a municipality. 21 C. J. 1189, 1190; Guilfoyle's Exr. v. City of Maysville, 129 Ky. 532.

When the court had before it two applicants asking to be granted a ferry franchise at the same place, it could exercise a discretion, the facts all considered, and grant the franchise to that applicant who had first made application therefor, provided that applicant was financially able to carry on the work and to comply with the law, like providing the necessary boats and other equipment. and to serve the public efficiently at the ferry, and the fact that one of the appellants had theretofore been exercising a franchise and operating a ferry at the point did not of itself give it a prior and superior claim to all others to a new grant, especially when it had failed to make application for a franchise until long after its old franchise had expired, and after appellees had made application for such franchise in accordance with the statutes. For the reasons indicated the judgment is affirmed.

Judgment affirmed.