## Vaughn et al. v. City of Williamsburg.

(Decided October 18, 1932.)

340

J. B. JOHNSON for appellants.

E. L. STEPHENS and GLENN H. STEPHENS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

By ordinances duly enacted in the year 1930, the city of Williamsburg ordered the improvement of Third street at the cost of abutting property owners, and the contract was awarded to the Lewis & Kelly Construction Company. On the completion of the work, the city brought this suit to enforce the improvement liens. The trial court adjudged that the property of T. W. Vaughn was assessable as a unit, and this appeal challenges the correctness of that ruling.

The facts are these: In the year 1909 there was laid off and platted into lots the De Laney & White addition to the city of Williamsburg. On April 16, 1913, T. W. Vaughn purchased from E. L. Stephens and wife lot No. 22 in that addition, fronting on Third street for a distance of 50 feet, and on which there is a house which Vaughn occupies as his residence. On May 5, 1913, Vaughn purchased from W. E. De Laney and wife, and J. B. White and wife, lot No. 23 immediately adjoining his home lot. On December 26, 1914, Vaughn purchased from Mary A. Johnson and her husband lots · Nos. 24 and 25. Vaughn says that he purchased lot No. 22 for residence purposes, and lots Nos. 23, 24, and 25 for speculative purposes, and that he had always treated each lot as a separate tract, and that he had never used the other lots for the purpose of adding to the beauty or enjoyment of his residence property. He admitted, however, that the fences which formerly divided the lots had all been taken down, and that he had been using the lots adjoining his residence for garden purposes. There was also evidence by other witnesses that the entire property was surrounded by one fence, that the intervening fences had been taken down, and that for a number of years all the vacant lots adjoining the residence had been used for garden purposes.

There is no dispute as to the law of the case. The rule is that, where several lots abutting on a street are

thrown together, and consolidated into one property, they are assessable as one property for street improvements. City of Mt. Sterling v. Bishop, 228 Ky. 529, 15 S. W. (2d) 416; Pursiful v. City of Harlan, 222 Ky. 658, 1 S. W. (2d) 1043; Davis et al. v. McDonald, 200 Ky. 828, 255 S. W. 833. Of course, one may buy vacant lots adjoining his residence with the view of preserving their separate identity, and with no thought of consolidating them with his residence property, and, as long as this situation continues, each lot is assessable as a separate unit for street improvements. It also may be conceded that one may purchase lots for speculative purposes, and the mere temporary use of them in connection with his residence property may not work a consolidation. But neither state of case is here presented. Mere words are not conclusive of one's intention. Oftentimes his conduct is more persuasive of what he had in mind. Though Vaughn claims that the adjoining lots were bought for speculative purposes, he did not make a mere temporary use of the lots in connection with his residence property. On the contrary, he removed the intervening fences, maintained one fence around the entire property, and continued to use for garden purposes the lots adjoining his residence for a period of about 16 years. In the circumstances, we are constrained to hold that, notwithstanding the fact that Vaughn may have purchased the vacant lots for speculative purposes, or with the view of their separate use, he did not carry out his purpose, but so used and treated the lots as to consolidate them with his residence property. It follows that the trial court did not err in so holding.

But it is insisted that the city is estopped to assess the property as a unit by the acceptance of a check for $27.44 given for the payment of one-tenth of the amount due on the 50-foot residence lot. Ordinarily, a municipality is not estopped by a mistake, unauthorized act, or dereliction on the part of a public official, Burnside Land Co. v. Connelly & Lee, 218 Ky. 346, 291 S. W. 409; Miller v. Henry, 105 Ark. 261, 150 S. W. 700, Ann. Cas. 1914D, 754; and the rule is peculiarly applicable to a ministerial officer, such as a city treasurer. Not only so, but it does not appear that the assertion of a proper assessment will operate in any way to the prejudice of Vaughn.

Lastly, it is insisted that the lots should have been

assessed separately for the street improvement as that procedure is authorized by section 3643-10, Kentucky Statutes. That section, properly punctuated, reads as follows:

"The owner or owners of lots or parts of lots of land may at any time after the assessment for a street improvement is made, pay off in full the whole amount up to and including the next ensuing date provided for the payment of said city taxes, and the lien herein established shall be satisfied by such payment. If any owner or owners shall divide his property so that the number of feet fronting the improvement is separated in small lots or tracts, the lien may be discharged in like manner upon any one or more of the separate lots or tracts by the payment of the amount thereon, or the lien may be apportioned to the new owners by the city clerk, calculated by the rate of the feet front of such lot or lots or parcels to the front foot of the original tract."

The purpose of the first part of the section was to enable a lot owner at any time after the assessment for a street improvement to discharge the entire lien by paying the whole amount due up to and including the next ensuing date provided for the payment of city taxes, while the purpose of the remaining portion was to enable a lot owner, who wished to subdivide into small lots or tracts his property, which had been assessed as a whole, to discharge the lien on any separate lot or tract by paying the amount due thereon, or to have the lien apportioned to the new owners by the city clerk in the ratio that the frontage of such lot or parcel bears to the frontage of the original tract. Clearly, it was not the legislative intent to permit a reassessment of each particular lot into which the property which had been assessed as a whole had been subdivided, but the sole purpose was to provide that each of the new lots or parcels should bear its proportionate part of the original assessment so that the lien thereon could be discharged by the owner, or apportioned to a subsequent purchaser of the property.

Judgment affirmed.