## Reynolds, County Treasurer, et al. v. Floyd County Fiscal Court et al.

(Decided Nov. 29, 1935.)

**(As Extended on Denial of Rehearing Feb. 21, 1936.)**

COMBS & COMBS for appellants.

FORREST D. SHORT and ANDREW E. AUXIER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant W. J. Reynolds, complaining that he had been wrongfully and illegally removed by the Floyd county fiscal court in April, 1934, from his office as county treasurer, to which he contends he was lawfully elected by it for a four-year term in April, 1933, filed his suit in the Floyd circuit court, seeking to be reinstated as county treasurer. The cause was submitted to the court, which was presided over by the Honorable J. F. Stewart as special judge, for trial and judgment upon the pleadings, proof, and exhibits. The learned judge filed a written opinion, and in conformity therewith adjudged that the plaintiff's petition be dismissed.

Among the charges filed by the defendant fiscal court against the appellant, as its then treasurer, was one asserting that the appellant did not execute his treasurer's bond under his appointment as such by the court on April 3, 1933, either within thirty days after notice of his appointment as provided by section 3755, Ky. Stats., or at all.

The learned trial judge so found and adjudged that a vacancy existed after thirty days from April 3, 1933, which the fiscal court had the right to fill, and that it did then fill the office, leaving unnecessary the consideration either of the other claims of right urged by appellant or the additional defensive charges made by the defendant fiscal court against him.

By a well-considered and forceful opinion, the pertinent and material issue presented was lucidly and conclusively discussed and disposed of as follows:

"This action seeks to have plaintiff reinstated as County Treasurer of Floyd County. Facts pertinent to a decision, as the court interprets the record, are these:

"Plaintiff was elected County Treasurer of Floyd County by the Floyd Fiscal Court on October 15, 1932, for a term of four years. The order of appointment provided that the plaintiff should execute bond for the faithful performance of his duties, which was fixed by the court in the sum of $50,000.00. This bond was given by plaintiff on November 5, 1932, with certain persons as sureties and was approved by the Fiscal Court on November 5, 1932, and plaintiff entered upon the discharge of his duties as County Treasurer.

"On April 3, 1933, the Fiscal Court, after having advertised that it would receive bids from various persons desiring to be considered as candidates for treasurer, by orders duly entered of record, ratified and confirmed the appointment of plaintiff on October 15, 1932, and elected plaintiff as treasurer for a term of four years from April 3, 1933.

"The order of appointment of plaintiff further provided that plaintiff should execute bond in the sum of $50,000.00 for the faithful performance of his duties as treasurer. This bond was not executed by plaintiff, nor was any bond tendered to the court prior to March 31, 1934, when a bond is alleged to have been executed and lodged by plaintiff with the county court clerk signed by himself as principal and certain other persons as sureties. This bond was never approved by the court, nor was there any action taken by the court as to the

approval or disapproval of this bond. In fact, there is no record evidence showing that any bond was ever lodged with the county court clerk, nor is there any evidence that this bond or any other bond was ever presented to the court by the plaintiff or any of the persons named therein as surety for its approval.

"There are several other questions raised by the pleadings and argued by counsel in brief, but the opinion of the court renders a discussion thereof unnecessary further than to say that the Floyd Fiscal Court on April 25, 1934, elected George P. Archer treasurer; that he gave bond, which was accepted and approved by the court, and took the oath of office and entered upon and is now and has since been discharging the duties of said office.

"Under the law and facts as herein presented, what are the rights of plaintiff in the premises?

"Section 929, Kentucky Statutes, as amended by the Acts of the General Assembly, 1932 [chapter 24, sec. 26], provides that the county treasurer shall be elected by the Fiscal Court at the first regular April term, 1913, for a term of four years. This section further prescribes the qualifications of the treasurer and further provides that the appointee shall give bond as required by law and take the oath of office required of other county officials.

"This section further provides that it shall be the duty of the Fiscal Court at the regular April term each four years after 1913 to elect a treasurer. Under this section it was the duty of the Fiscal Court at its regular term, April, 1929, to elect a treasurer for a term of four years. Whether this was done or not, it appears that with the consent of the Fiscal Court, the Bank of Josephine and First National Bank, the two local banks of Prestonsburg, were acting and performing the duties of county treasurer until the appointment of plaintiff on October 15, 1932, at which time, according to the orders of the Fiscal Court, the banks were removed. If a vacancy then existed, it was the duty of the Fiscal Court to elect a treasurer to fill the unexpired term and for the purpose of this decision, the court finds that at that time there

was a vacancy in the office of county treasurer and that plaintiff was duly appointed, qualified by giving bond, which bond was duly accepted and took the oath of office and entered upon the discharge of his duties as such treasurer.

"Now, under the law, for what term could the court at that time make an appointment?

"The court is of the opinion that any appointment by the Fiscal Court beyond the constituted term as provided by the law would be void after the expiration of the unexpired term and that the appointment beyond that period was without authority on the part of the court. It is the opinion of the court that the Fiscal Court could only appoint to fill the unexpired term which ended at the regular April term, 1933. The Fiscal Court seemed to have had the same opinion, as on April 3, 1933, it elected plaintiff for four years, after ratifying and confirming its action taken on October 15, 1932.

"It provided in the order of appointment of plaintiff on April 3, 1933, that plaintiff should execute bond in the sum of $50,000.00 for the faithful performance of his duties as treasurer. This bond was not given by plaintiff at the time of his appointment, nor has plaintiff executed any bond after that time to comply with the orders of the court entered on April 3, 1933.

"It further appears in the record that no attempt was ever made by the plaintiff to give bond as required by law or under the order of plaintiff's appointment. The Fiscal Court, being a court of record, can and does only speak from its record. Does the failure of the plaintiff to give bond as required by law and the orders of the fiscal court create a vacancy in the office of the county treasurer?

"Section 3755, Kentucky Statutes, provides that if an official bond be required of an appointed officer, that bond must be given within thirty days after notice of appointment and that if bond is not given within that time, the office shall be considered as vacant.

"Plaintiff alleges that he offered to give bond,

but was informed by the court that his bond theretofore given under appointment of October 15, 1932, was sufficient. It does not appear in the record that any notice was served on the plaintiff notifying him of his appointment, but from facts alleged by plaintiff the court concludes that he had actual knowledge or notice that he had been appointed treasurer on April 3, 1933.

"The court is further of the opinion that any evidence except the record of the Fiscal Court is incompetent to prove what was done in the premises. If any bond was tendered within the thirty days, it was necessary for a record to be made of that fact.

"This section 3755 has had consideration by the Court of Appeals in many cases. The court has held in an unbroken line of decisions that the bond must be given within thirty days after notice of appointment and that if the bond is not given within thirty days, a vacancy exists. The giving of bond within that time is a condition precedent to the right to qualify. We deem it unnecessary to cite cases upholding this opinion, as the statute cited speaks in unmistakable terms as to their purport.

"As a vacancy existed in the office of treasurer, it was the duty of the Fiscal Court to appoint and qualify a treasurer, which it did on April 25, 1934, which appointment, of course, will be for the unexpired term which will end the first regular April term of the Fiscal Court held in 1937.

"The court is, therefore, of the opinion that the plaintiff has no right to the office of county treasurer of Floyd county. A judgment may be entered dismissing plaintiff's petition with cost, to which ruling of the court the plaintiff is given an exception and an appeal to the Court of Appeals."

Our adopting of the opinion of the learned special judge as our own has not been done in disregard or oversight of the facts and decision in the case of Commonwealth v. Flatt, 219 Ky. 185, 292 S. W. 785, 786, which appellant most strenuously urges upon our consideration as controlling of the question presented by this appeal.

While the facts of the Flatt Case are somewhat analogous to those found in the case at bar, we yet feel that they, as well as the principle of the decision in that case, are so distinguishable in character as to render the court's conclusion based on those special and different facts not applicable to the facts here presented.

In the Flatt Case the office of county court clerk was in controversy, its being there claimed that the newly re-elected clerk had forfeited the office by failing to make bond at the time required by section 3755 of the Statutes. The examination and approval of the official bond there involved were covered by section 373, Kentucky Statutes, imposing such duty upon the county judge. It appears from the statement of facts as given in opinion in that case, that on January 4, when the clerk was required by the provisions of the statute to execute and tender her official bond, she then advised the county judge, whose duty it was to examine and approve the bond, that she had been advised by her bondsman that her previously executed official bond would not expire until January 7, following, when he told her that it would be all right to have the bond prepared and for her to enter the order approving it on January 7. It further appears from the answer that the county court and fiscal court were in session on January 4 and 5, and that the clerk and the county court were very busy writing the minutes of the two courts and in drawing the orders, but that among them the clerk wrote out the order showing her qualification and execution of her bond and entered it on the order book, as had been directed by the county judge, and had same ready for him to accept and sign on January 7, yet nevertheless, although on January 4 he had told and directed her to have the bond executed and that he would accept it on January 7, he arbitrarily refused to accept her bond on January 7, or to sign the order which he himself had directed to be entered on the order book.

The court, in considering the claim made that Mrs. Flatt had forfeited her office by failing to have had her bond executed and approved on January 4, rejected such plea, holding that the case came within the principle of the case of Dorian v. Paducah, 136 Ky. 373, 124

S. W. 369, which it quoted as controlling, and after stating the facts of the case as above set out, said:

"When appellee told the judge that her old bond was regarded by the bonding company as good until January 7, and would be renewed on that day, and he told her to get up the bond and make the order on that day, and he would sign it, the clerk had the right to go by his direction. * * * The clerk of a court must work under the direction of the judge of the court. The orders must be entered as he directs and when he directs. * * * The arrangement with the bonding company had been made, and all that had to be done was to draw and sign the bond. This was not done at the direction of the judge, the fiscal court being in session, and the presence of the judge and clerk being required in that court. The county court in taking a bond has the same power as in other cases to postpone a hearing of the matter. If an order had been entered on January 4, giving until January 7 for the execution of the bond, this controversy would, perhaps, never have arisen. The failure to enter such an order was a mere irregularity. The clerk is not chargeable with this; she could not enter such an order unless directed by the judge, and he in substance told her what to enter, and she did as he directed. For him on the 7th to refuse to sign the order he had directed to be entered was to mislead her, and if so intended on the 4th was a fraud on her. * * * The clerk did all she could reasonably do, and it would be to extend the statute beyond its fair meaning to apply it in such a case."

We deem the statement of the facts and holding in this case are in themselves sufficient to distinguish it from those presented in the instant case where, whatever some members of the fiscal court may have said to appellant at the time he claims to have told them he was ready to make his bond, nothing whatever appears in the record of the court, by which it alone must speak, showing that any offer was made to meet the requirements of section 3755 as to executing the official bond required by it.

This was the holding of the opinion above, and which we conclude correctly determines the matter in

issue, which is unaffected by the holding of the Flatt ·Case, based upon the particular situation therein pre-.sented.

Therefore, the judgment is affirmed.